Opinion filed October 13, 2022



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00054-CR
_____

## KORRI ALLEN AVENENGO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-19-0181-CR**

## M E M O R A N D U M   O P I N I O N

This appeal is from the trial court's judgment in which it adjudicated Appellant, Korri Allen Avenengo, guilty of the second-degree felony offense of possession with intent to deliver a controlled substance, revoked Appellant's community supervision, and assessed his punishment at imprisonment for ten years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $5,000.  In his sole issue on appeal, Appellant contends that he received ineffective assistance of counsel at the adjudication hearing.  We affirm.

## I. *Factual Background*

The State indicted Appellant for the second-degree felony offense of possession with intent to deliver a controlled substance—namely, methamphetamine—in the amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2017). On April 9, 2019, Appellant pleaded guilty to the indicted offense, and the trial court, pursuant to the parties' negotiated plea agreement, deferred the adjudication of Appellant's guilt and placed Appellant on community supervision for a period of six years. On November 16, 2020, the State moved to adjudicate Appellant's guilt on the grounds that he had violated five conditions of his community supervision. *See generally* TEX. CODE CRIM. PROC. ANN. art. 42A.751 (West Supp. 2021). The State subsequently filed an amended motion to adjudicate, in which it alleged that Appellant had committed the following violations of the conditions of his community supervision:

> 1.) [Appellant] failed to abstain from the use of drugs, as ordered by the court, to wit: methamphetamine. . . .
>
> 2.) [Appellant] did commit an offense against the laws of this State, to wit: Criminal Mischief. . . .
>
> 3.) [Appellant] did commit an offense against the laws of this State, to wit: Aggravated Assault. . . .
>
> 4.) [Appellant] failed to make a minimum monthly payment of $85.00 toward his Restitution and Supervision Fee as ordered by the Court. . . .
>
> 5.) [Appellant] failed to report in person to his Community Supervision Officer as directed.

At the hearing on the amended motion to adjudicate, Appellant pleaded "true" to allegation nos. 1, 4, and 5 and "not true" to allegation nos. 2 and 3. The State subsequently elected to abandon allegation nos. 2 and 3. Thus, the revocation hearing proceeded only on allegation nos. 1, 4, and 5. At the conclusion of the hearing, the trial court found "allegation nos. 1, 2, 4, and 5 [to be] true."

Appellant did not file a motion for new trial. Appellant now contends, in his sole issue on appeal, that his court-appointed trial counsel rendered ineffective assistance throughout the adjudication hearing.

## II. *Standard of Review*

We review an ineffective-assistance-of-counsel claim under a two-part standard. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). First, Appellant must show that trial counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Perez*, 310 S.W.3d at 892–93. Second, Appellant must show that trial counsel's deficient performance prejudiced his defense, i.e., there is a reasonable probability that the result of his trial would have been different but for trial counsel's errors. *Id.* at 893; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 687–88). A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694.

## III. *Analysis*

First, Appellant contends that his trial counsel rendered ineffective assistance when counsel, in response to allegation no. 4, failed to challenge the lack of evidence to show that Appellant's failure to pay restitution and supervision fees was willful. Second, Appellant contends that his trial counsel rendered ineffective assistance when counsel failed to raise an affirmative defense in response to allegation no. 5.[1] Third, Appellant contends that his trial counsel rendered ineffective assistance when counsel failed to object when the trial court (1) appeared to consider unadjudicated

---

[1]*See* CRIM. PROC. art. 42A.109 (West 2018) ("*For the purposes of a hearing under Article 42A.108, it is an affirmative defense to revocation for an alleged violation based on a failure to report to a supervision officer as directed or to remain within a specified place that no supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation contacted or attempted to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of deferred adjudication community supervision was entered.*") (emphasis added).

offenses in determining Appellant's sentence and (2) announced a finding of "true" as to allegation no. 2 after the State had waived that ground as a basis for revocation. We disagree.

To establish deficient performance, a defendant must show that trial counsel's representation was objectively unreasonable based on "prevailing professional norms." *Perez*, 310 S.W.3d at 893 (quoting *Strickland*, 466 U.S. at 688). We assess trial counsel's performance in light of all of the circumstances and apply a strong presumption that counsel's representation fell within "the wide range of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 688–89). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. To overcome this presumption, a defendant must establish that, under the circumstances, trial counsel's actions could not be considered sound trial strategy. *Id.* at 689.

Moreover, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814 (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). Regarding the deficient-performance prong in particular, the record on direct appeal is generally undeveloped and rarely sufficient to overcome the presumption that trial counsel rendered effective assistance. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *see Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). As such, if trial counsel did not have an opportunity to explain his actions, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see also Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) ("[T]rial counsel should

ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.").

It is well established that one sufficient ground for revocation will support a trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). Here, Appellant's ineffective-assistance claims relate to allegation no. 2—a ground for revocation that was abandoned by the State—allegation no. 4, and allegation no. 5; however, in addition to allegation nos. 4 and 5, Appellant pleaded "true" to allegation no. 1—i.e., that he failed to abstain from the use of methamphetamine. Indeed, Appellant even appears to acknowledge this point in his brief, at least in part, by stating that "[e]very allegation [Appellant] faced, with the exception of the use of methamphetamine, was potentially defensible had [Appellant] not received ineffective assistance of counsel." Nevertheless, a plea of "true" standing alone is sufficient to support a trial court's decision to adjudicate a probationer's guilt and to revoke his community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, because Appellant pleaded "true" to allegation nos. 1, 4, and 5, which alone are sufficient to support the trial court's revocation order, we cannot conclude that his trial counsel's performance was deficient.

Furthermore, Appellant did not file a motion for new trial. Thus, Appellant's trial counsel did not have an opportunity to explain or defend his decisions or trial strategy against any of the bases for ineffective assistance that Appellant now claims on appeal. *See Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021) ("A silent record that provides no explanation for [trial] counsel's actions will not overcome the strong presumption of reasonable assistance."). As such, based on a

record that does not reveal trial counsel's reasoning, we must presume that counsel is in a better position than we to assess how to proceed and that counsel "made all significant decisions in the exercise of reasonable professional judgment." *State v. Morales*, 253 S.W.3d 686, 697 (Tex. Crim. App. 2008); *Screws v. State*, 630 S.W.3d 158, 164–65 (Tex. App.—Eastland 2020, no pet.). Here, in light of Appellant's pleas of "true" to allegation nos. 1, 4, and 5, and because the record's silence cannot overcome the presumption that counsel acted reasonably, we cannot conclude that trial counsel's performance was deficient. *See Thompson*, 9 S.W.3d at 812 (citing *Strickland*, 466 U.S. at 694).

We hold that Appellant failed to establish that he received ineffective assistance of counsel. Accordingly, we overrule Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE

October 13, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.