**Opinion filed January 18, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00282-CR

_____

**RODOLFO SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-18-1711-CR**

### M E M O R A N D U M   O P I N I O N

Appellant, Rodolfo Sanchez, originally pled guilty to the third-degree felony offense of failure to comply with sex offender registration requirements. *See* TEX. CODE CRIM. PROC. ANN. art. 62.051 (West Supp. 2023), art. 62.102 (West 2018). On June 16, 2020, pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court deferred finding Appellant guilty, and placed

him on deferred adjudication community supervision for a period of five years. As conditions of his community supervision, Appellant was required, among other things, to follow all state and federal laws, report to his community supervision officer as instructed, and pay a $1,000 fine and court costs.

The State subsequently filed a motion to revoke Appellant's community supervision and to adjudicate his guilt, alleging that Appellant "failed to abstain from the use of drugs . . . to wit: Cocaine." On October 10, 2022, the trial court held a hearing on the State's motion, during which Appellant pled "true" to this allegation and asked the trial court to continue his community supervision. Upon the conclusion of the hearing, the trial court found the sole violation alleged in the State's motion to be "true," adjudicated Appellant guilty, revoked his community supervision, and assessed Appellant's punishment at eight years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Therefore, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Although granted an extension, Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Here, Appellant pled "true" to the sole allegation in the State's motion, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true" standing alone is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. STACY TROTTER
JUSTICE

January 18, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1] We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.