**Opinion filed March 26, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-13-00075-CR

_____

## CASEY DON JONES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 010649**

### M E M O R A N D U M   O P I N I O N

This appeal stems from the revocation of Casey Don Jones's deferred adjudication community supervision for the aggravated sexual assault of a child. We affirm.

The grand jury indicted Appellant for continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2014). The case proceeded to trial, and while the jury was deliberating Appellant's guilt, Appellant

pleaded guilty to the lesser included offense of aggravated sexual assault of a child. *See id.* § 22.021. Under the terms of a plea bargain agreement, the trial court placed Appellant on community supervision for a term of ten years. Subsequently, the State filed a motion to adjudicate Appellant's community supervision and alleged that Appellant violated multiple terms of his conditions of community supervision. After a hearing, the trial court found the State's allegations to be true. The trial court found Appellant guilty of the offense of aggravated sexual assault of a child and assessed Appellant's punishment at confinement for a term of sixty-five years.

In two issues, Appellant challenges the trial court's revocation of his community supervision. Appellant contends in his first issue that due process of law mandates that proof of a violation of any condition of community supervision should be beyond a reasonable doubt rather than by a preponderance of the evidence. Appellant concedes that there was sufficient proof to show that Appellant consumed alcohol and left the county in violation of the terms of his community supervision. Appellant argues that there was not sufficient proof of the other violations alleged by the State and that it is unlikely that the trial court would have assessed Appellant's punishment at confinement for a term of sixty-five years had the court considered only the violations for consuming alcohol and leaving the county to visit his girlfriend. He states, "That a person can be sentenced to sixty-five years in the penitentiary for having drunk a few beers and having spent some time with his girlfriend, *proved only by a preponderance of the evidence*, should shock the conscience."

The Court of Criminal Appeals has considered whether a defendant is "entitled to have the question of his revocation decided beyond a reasonable doubt" and has determined that "the standard of proof necessary to revoke probation should [not] be as stringent as the one necessary to support the initial

conviction." *Kelly v. State*, 483 S.W.2d 467, 469–70 (Tex. Crim. App. 1972). The Court of Criminal Appeals has held that the State must prove a violation by a preponderance of the evidence and that proof of any one of the alleged violations is sufficient to uphold the trial court's decision to revoke. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (burden of proof is by preponderance of the evidence); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("one sufficient ground for revocation will support the court's order to revoke probation"). Because the Court of Criminal Appeals has held otherwise, we decline to hold that a violation of community supervision must be proven beyond a reasonable doubt. Furthermore, we note that Appellant's trial counsel agreed that the State's burden of proof was by a preponderance of the evidence. Appellant's first issue is overruled.

In his second issue, Appellant argues that the trial court abused its discretion when it revoked Appellant's community supervision because certain allegations were not proven even under the preponderance standard. Appellant asserts that we should remand this cause to the trial court for a new hearing on punishment so that the trial court can reassess punishment in light of the fact that only two of the State's allegations were proven by a preponderance of the evidence. The State responds that the trial court probably imposed a sentence of sixty-five years based primarily on the offense for which it found Appellant guilty—aggravated sexual assault of Appellant's son—not the number of times Appellant violated his community supervision.

We review a trial court's decision to revoke community supervision under an abuse of discretion standard. *Cardona*, 665 S.W.2d at 493. When the trial court has found that a defendant has violated the terms of his deferred adjudication community supervision, the trial court must adjudicate guilt and assess punishment as if the adjudication of guilt had not been deferred. TEX. CODE CRIM. PROC. ANN.

3

art. 42.12, § 5(b) (West Supp. 2014). "Having previously deferred sentencing the defendant, the trial court is therefore free to consider the full range of offense-appropriate punishment, and is not confined to a prior order, as in [a] case with traditional probation." *Weed v. State*, 891 S.W.2d 22, 25 (Tex. App.—Fort Worth 1995, no pet.). Appellant concedes that two of the alleged violations were proven by a preponderance of the evidence. As we have stated, we will uphold a trial court's decision to revoke if any one of the alleged violations of the conditions of community supervision is supported by sufficient evidence. *Moore*, 605 S.W.2d at 926.

The record does not suggest that the trial court would have assessed a lesser sentence had it only found two allegations to be true. The supervision officer testified that Appellant admitted that he committed the offense of aggravated sexual assault of a child. Appellant told his supervision officer that "he had penetrated his son" and that "he had his son do oral sex on him." During the punishment phase, Appellant admitted that it happened once but denied that it happened several times. He told his son he was sorry. The court informed Appellant that it was not concerned about rehabilitation or protection and that its job in this case was to punish Appellant for the crime that he had committed. The court also informed Appellant that the range of punishment for aggravated sexual assault of a child was not less than five years and not more than ninety-nine years or life. Before the court sentenced Appellant, it spoke at length to Appellant about how "raping your son" was not something that could be called a mistake, about how Appellant had taken his son's innocence, and about how Appellant's son would have to live with that and work through issues as a result of that for the rest of his life.

Furthermore, the State met its burden to prove each of the alleged violations by a preponderance of the evidence. Appellant's community supervision officer

testified that Appellant made several admissions to him that showed that Appellant violated the terms of his community supervision. Appellant admitted that he went with his girlfriend to pick up her son at school, admitted that he stayed overnight at his girlfriend's house on several occasions, admitted to drinking alcohol several times a month, and admitted to possessing two pornographic magazines. The supervision officer also testified that Appellant violated the terms of his community supervision when he failed to tell the supervision officer that he had been questioned by a deputy about drinking and when he tested positive for alcohol. Appellant did not testify prior to when the court found the allegations to be true, nor did the defense offer any evidence to contradict the testimony of the supervision officer. The trial court did not abuse its discretion when it found each of the alleged violations to be true. Moreover, we note that Appellant admitted, during the punishment phase, that several of the State's allegations were true. He admitted that he did not obey all of the rules and regulations of the community supervision department, that he consumed alcohol, that he marked "no" for the question of whether he had been questioned or arrested by law enforcement since his last report even though he called law enforcement to his house the night before, and that he stayed at his girlfriend's house when her children were not at home.

We hold that the trial court did not abuse its discretion when it revoked Appellant's community supervision and assessed Appellant's punishment at confinement for a term of sixty-five years. Appellant's second issue is overruled.

We affirm the judgment of the trial court.


March 26, 2015                                              JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).              CHIEF JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5