**Opinion filed September 3, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00070-CR

_____

## FARRELL DANE WEST, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 9248-D**

## M E M O R A N D U M   O P I N I O N

Appellant, Farrell Dane West, appeals the trial court's judgment revoking his community supervision for a conviction of possession of a controlled substance with the intent to deliver in a drug-free zone. In one issue on appeal, Appellant argues that due process of law requires that proof of a violation of any condition of

community supervision should be beyond a reasonable doubt rather than by a preponderance of the evidence. We affirm.

*Background Facts*

The grand jury indicted Appellant on one count of possession of a controlled substance with the intent to deliver in a drug-free zone. Appellant pleaded guilty, and under the terms of the plea agreement, the trial court convicted Appellant, assessed punishment, placed Appellant on community supervision for a term of seven years, and assessed a $1,000 fine. Subsequently, the State filed a motion to revoke Appellant's community supervision and alleged that Appellant violated multiple conditions of his community supervision. Appellant pleaded true to twenty-five violations. The trial court revoked Appellant's community supervision and assessed Appellant's punishment at confinement for a term of seven years and a fine of $1,000.

Appellant argues on appeal, "That a person can be sentenced to seven years in the penitentiary for such matters, *proved only by a preponderance of the evidence*, should shock the conscience." The State contends that Appellant has waived this argument when he failed to present it to the trial court.

*Analysis*

The Court of Criminal Appeals has considered whether a defendant is "entitled to have the question of his revocation decided beyond a reasonable doubt" and has determined that "the standard of proof necessary to revoke probation should [not] be as stringent as the one necessary to support the initial conviction." *Kelly v. State*, 483 S.W.2d 467, 469–70 (Tex. Crim. App. 1972); *Jones v. State*, No. 11-13-00075-CR, 2015 WL 1471963, at *1 (Tex. App.—Eastland Mar. 26, 2015, pet. ref'd). The State must prove a violation by a preponderance of the evidence, and proof of any one of the alleged violations is sufficient to uphold the trial court's decision to revoke. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984);

*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Jones*, 2015 WL 1471963, at *1. Because the Court of Criminal Appeals has held otherwise, we decline to hold that a violation of community supervision must be proven beyond a reasonable doubt. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

September 3, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.