**Opinion filed September 3, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00307-CR
_____

**BRITNEY NICOLE DOKEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 10918-D**

## M E M O R A N D U M   O P I N I O N

Appellant, Britney Nicole Dokey, appeals from the trial court's judgment revoking her community supervision for a conviction of tampering with a government record. In one issue on appeal, Appellant argues that due process of law requires that proof of a violation of any condition of community supervision should be beyond a reasonable doubt rather than by a preponderance of the evidence. We affirm.

*Background Facts*

The grand jury indicted Appellant on one count of tampering with a government record. Appellant pleaded guilty and, under the terms of the plea agreement, the trial court convicted Appellant, assessed punishment, suspended Appellant's sentence of twenty months, and placed Appellant on community supervision for a term of four years. Subsequently, the State filed a motion to revoke Appellant's community supervision and alleged that Appellant had violated multiple terms of the conditions of her community supervision. Appellant pleaded true to all seventeen violations. The trial court revoked Appellant's community supervision and assessed Appellant's punishment at confinement for a term of seventeen months and a fine of $100.

Appellant argues on appeal, "That a person can be sentenced to seventeen months in the penitentiary for such matters, *proved only by a preponderance of the evidence*, should shock the conscience." The State contends that Appellant has waived this argument when she failed to present it to the trial court.

*Analysis*

The Court of Criminal Appeals has considered whether a defendant is "entitled to have the question of [her] revocation decided beyond a reasonable doubt" and has determined that "the standard of proof necessary to revoke probation should [not] be as stringent as the one necessary to support the initial conviction." *Kelly v. State*, 483 S.W.2d 467, 469–70 (Tex. Crim. App. 1972); *Jones v. State*, No. 11-13-00075-CR, 2015 WL 1471963, at *1 (Tex. App.—Eastland Mar. 26, 2015, pet. ref'd). The State must prove a violation by a preponderance of the evidence, and proof of any one of the alleged violations is sufficient to uphold the trial court's decision to revoke. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Jones*, 2015 WL 1471963, at *1. Because the Court of Criminal Appeals has

held otherwise, we decline to hold that a violation of community supervision must be proven beyond a reasonable doubt.  We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


September 3, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.