# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00068-CR

**Karl Dean Stahmann, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
### NO. CR2011-031, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Karl Dean Stahmann pleaded guilty to two counts of credit card or debit card abuse. *See* Tex. Penal Code § 32.31. The trial court accepted Stahmann's plea and ordered that Stahmann be placed on deferred-adjudication community supervision for five years. After Stahmann was involved in a vehicle collision, the State filed a motion to adjudicate guilt with respect to each count. At a hearing on the State's motions to adjudicate, Stahmann pleaded true to several of the allegations that he had violated the conditions of his community supervision under Count I and pleaded not true to all of the allegations under Count II. At the conclusion of the hearing, the trial court found that Stahmann had violated conditions of his community supervision. The trial court revoked Stahmann's community supervision, found him guilty on both counts, and sentenced him to two years' confinement in the state jail, probated for five years, on each count, with the sentences to run concurrently. In nine points of error, Stahmann contends that the evidence is

insufficient to support the trial court's judgments and that his pleas of true to allegations under Count I must be withdrawn because they were not entered intelligently, knowingly, or voluntarily. We will affirm the trial court's judgments.

## BACKGROUND

The State's motions to adjudicate guilt alleged that Stahmann had violated the terms of his community supervision by:

- committing several offenses in connection with the vehicle collision, including assault with a deadly weapon;

- committing an offense by altering, destroying, or concealing a bottle of pills with the intent to impair its verity or availability as evidence in the investigation;

- committing an offense by intentionally giving a false or fictitious date of birth to a peace officer;

- drinking alcohol;

- using marihuana;

- using opiates;

- failing to pay court costs;

- failing to pay a fine, restitution, and court-appointed attorney's fees;

- failing to complete a written apology letter;

- failing to attend and successfully complete the Life Term Management group; and

- failing to attend G.E.D. classes.

2

At the hearing on the motions to adjudicate, after Stahmann pleaded true to several of these allegations with respect to Count I, the State presented evidence of the following facts: Stahmann was involved in a serious vehicle collision. Following the collision, Stahmann stepped out of his vehicle and threw a bottle of pills over a fence. Law enforcement officials retrieved this bottle, and subsequent tests revealed that it contained controlled substances. Officers found empty beer cans in Stahmann's vehicle. In addition, an analysis of Stahmann's blood specimen indicated the presence of alcohol, clonazepam, and hydrocodone (a narcotic).

The trial court found that Stahmann had violated the conditions of his community supervision, revoked Stahmann's community supervision, and adjudicated his guilt. This appeal followed.

**STANDARD OF REVIEW**

A trial court's decision to revoke community supervision must be supported by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). We review the trial court's revocation decision for an abuse of discretion, bearing in mind that the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Id.* at 865. "A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt," *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015), and the violation of a single condition of community supervision is sufficient to support a revocation determination, *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd) (mem. op.). Accordingly, "to prevail on appeal, the defendant must successfully challenge all of the findings"

3

that support the trial court's revocation decision. *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

## DISCUSSION

**Count I**

In his second point of error,[1] Stahmann contends that his pleas of true to allegations under Count I must be withdrawn because they were not entered intelligently, knowingly, or voluntarily.

At the revocation hearing, the following exchange took place:

The Court: And your plea to the allegations, true or not true?

[Defense Counsel]: We plead "true" to some and "not true" to others.

....

The Court: Okay. Which ones do you wish to plead true to?

[Defense Counsel]: To paragraph number 7, Your Honor, to paragraph number 8, to paragraph number 9, to paragraph number 11, to paragraph number 12, to paragraph number 13, and to paragraph number 14.

....

The Court: All right. Mr. Stahmann, are you entering a plea of true to paragraphs 7, 8, 9, 11, 12, and 13 and 14? Mr. Stahmann?

[Stahmann]: Yes, sir.

---

[1] We will address Stahmann's points of error in an order different from that in which he presents them.

The Court: Do you understand that if you enter a plea of true that the Court will find those allegations to be true?

[Stahmann]: Yes.

The Court: Has anybody promised you anything, or threatened you in any way to do this?

[Stahmann]: No, sir.

The Court: Do you understand the punishment range that I could assess would be by confinement in a state jail for a period not to exceed two years, nor [sic] a fine not to exceed $1,000?

[Stahmann]: Yes, Your Honor.

The Court: Knowing all that, you still insist on entering a plea of true?

[Stahmann]: Yes, Your Honor.

The Court: All right.

[Defense Counsel]: And then on Count 2, Your Honor, we are pleading not true on Count 2 on every allegation.

....

The Court: All right. That will be noted.

Stahmann argues that his pleas of true were not entered intelligently, knowingly, or voluntarily because he "did not receive written notice of the rights that he was allegedly waiving when he pleaded true, and [he] did not sign any document waiving these rights or certifying that he intelligently, knowingly, and voluntarily was pleading true." However, Stahmann has not cited any authority to support his position that a written waiver is required when pleading true to allegations in a community-supervision revocation proceeding. We conclude, in light of the record before us,

that the trial court sufficiently admonished Stahmann regarding the consequences of his pleas and that Stahmann's pleas were entered intelligently, knowingly, and voluntarily. *See Harris v. State*, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974) ("We hold that admonishments provided for in [Texas Code of Criminal Procedure article 26.13 (which provides that trial court must admonish defendant prior to accepting guilty plea)] do not apply in revocation of probation proceedings."); *see also Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003) (stating that article 26.13 does not apply to probation-revocation proceedings); *Tucker v. State*, No. 02-12-00080-CR, 2013 WL 3488260, at *3 (Tex. App.—Fort Worth July 11, 2013, no pet.) (per curiam) (mem. op., not designated for publication) ("[A] trial court is not required to admonish a defendant on the consequences of a plea of 'true' in a revocation proceeding.").

Accordingly, we overrule Stahmann's second point of error. Moreover, because Stahmann pleaded true to allegations under Count I, we will affirm the trial court's judgment with respect to Count I, *see Tapia*, 462 S.W.3d at 31 n.2 ("A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt."), and we overrule Stahmann's other issues to the extent they challenge the trial court's judgment with respect to Count I.

**Count II**

In his fourth point of error, Stahmann contends that the evidence is insufficient to support the trial court's finding that he violated a condition of his community supervision by committing the new offense of tampering with evidence. Specifically, the court found true the State's allegations that Stahmann, "knowing that an investigation was pending or in progress, did then and there alter, destroy or conceal a thing, to-wit: a bottle of pills, with intent to impair its

6

verity or availability as evidence in the investigation," and, "knowing that an offense had been committed, did then and there alter, destroy or conceal a thing, to-wit: a bottle of pills, with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation of or official proceeding related to said offense."

A person commits tampering with evidence "if, knowing that an investigation or official proceeding is pending or in progress, he alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding." Tex. Penal Code § 37.09(a)(1). Stahmann does not dispute that he threw a bottle containing controlled substances over a fence following the collision. However, Stahmann argues that the evidence is insufficient to support a finding that this act constituted tampering with evidence because the evidence showed that the bottle remained visible after it landed on the other side of the fence and was therefore not "concealed" within the meaning of the statute.

The State presented the following testimony at the revocation hearing:

- "And he threw what seemed to me—it looked like a brown bottle, over the fence line. It went over the fence, close to some trees, brush, little area."

- "I was curious to see what it was, so I kind of walked over towards the fence line. And as I was doing that, the driver [Stahmann] got kind of upset, angry, wanted to know what I was looking for, why I was going towards the fence. And so at that point, after—you know, I could see the area where it went, but I couldn't see it from where I was."

- "From where I was, I saw [the bottle] in the air, as it was traveling over the fence. But, once it landed, it kind of got submerged down in some brush area."

- "I noticed, whenever he got out of the van, he walked over to the fence. And I witnessed him throw like a prescription pill bottle over the fence and into

7

the bushes."

- "Well, like I said, it was a game fence. You're probably talking like 8, 10-foot high, tossed it up over. And I'd say maybe six feet from the fence line into the bushes."

Viewing this testimony in the light most favorable to the trial court's revocation order, *see Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981), we conclude that the evidence is sufficient to support the trial court's finding by a preponderance of the evidence that Stahmann committed the offence of tampering with evidence in violation of the conditions of his community supervision. Although the trial court heard conflicting testimony about whether the bottle was visible where it landed on the other side of the fence, the trial court could have credited the testimony that the bottle "got submerged down in some brush area" and was concealed by the bushes. *See Hacker*, 389 S.W.3d at 865 (trial court is sole judge of witnesses' credibility). Accordingly, we overrule Stahmann's fourth point of error.

This single finding of a violation is sufficient to support the trial court's revocation decision with respect to Count II. *See Sanchez*, 603 S.W.2d at 871; *Jones*, 472 S.W.3d at 324. Nevertheless, even if we were to conclude that the evidence is insufficient to support the trial court's findings regarding tampering with evidence and sustain Stahmann's fourth point of error, we would not sustain his sixth point of error. In his sixth point of error, Stahmann contends that the evidence is insufficient to support the trial court's finding that Stahmann violated a condition of his community supervision by drinking alcohol. Stahmann points to evidence that he never underwent standardized field sobriety tests, never completed a portable breath test, did not have slurred speech, and did not have the odor of alcohol on his breath.

8

However, the trial court heard testimony that officers found empty beer cans on the front dash of Stahmann's vehicle and that an analysis of Stahmann's blood specimen indicated the presence of alcohol. Viewing this evidence in the light most favorable to the trial court's revocation order, we conclude that the evidence is sufficient to support the trial court's finding by a preponderance of the evidence that Stahmann violated a condition of his community supervision by failing to abstain from alcohol. Accordingly, we overrule his sixth point of error.[2]

Having determined that the trial court did not abuse its discretion in finding that Stahmann violated the conditions of his community supervision by tampering with evidence and drinking alcohol, we will affirm the trial court's judgment with respect to Count II, and we overrule Stahmann's other issues to the extent they challenge the trial court's judgment with respect to Count II.

## CONCLUSION

We affirm the trial court's judgments revoking Stahmann's community supervision and adjudicating guilt.

---

[2] In his first point of error, Stahmann argues that "the only conditions of community supervision for count II" at the time of the alleged new offenses "were to pay a fine of $1,000.00, court costs of $357.00, and $46.00 restitution." Stahmann further alleges that the trial court did not order additional conditions with respect to Count II until February 25, 2013. However, the record citations he provides do not refer to such an order. Morever, the record before us contains only one set of community-supervision conditions signed by the trial court prior to Stahmann's revocation hearing. This document, titled "Deferred Adjudication Conditions of Community Supervision," bears the cause number applicable to both counts and does not specify that it applies only to one count or the other. This document provides, among other things, that Stahmann must "[c]ommit no offense against the laws of this State" and must "[a]bstain from the use of alcoholic beverages and narcotic or habit forming drugs, marijuana and controlled substances." We conclude that these conditions applied to both counts. Accordingly, we overrule Stahmann's first point of error.

_____

                            Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   July 19, 2016

Do Not Publish