**Opinion filed August 8, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00323-CR

_____

### CHRISTOPHER SPEES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR22063**

### M E M O R A N D U M   O P I N I O N

The jury convicted Appellant of the offense of possession of a controlled substance. Appellant and the State then entered an agreement as to punishment. By the terms of that agreement, punishment was assessed at confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years. The trial court suspended the imposition of the sentence and placed Appellant on community supervision for five years. By the terms of his community supervision, Appellant, among other things, was not to violate the law. As conditions of

Appellant's community supervision, the trial court also required that Appellant perform 250 hours of community service, pay a $140 lab fee, and complete a drug offender education program.

Subsequently, the State filed a motion to revoke Appellant's community supervision and alleged that Appellant had violated multiple conditions of his community supervision, namely that Appellant had used narcotics, had failed to report, and had failed to complete community service restitution. After a hearing, the trial court found nine of the State's allegations to be true but found the allegation that Appellant had failed to complete community service restitution "not true." The trial court revoked Appellant's community supervision and imposed a reduced sentence of confinement for eighteen months. We affirm.

In two issues on appeal, Appellant argues that (1) due process of law mandates that proof of a violation of any condition of community supervision must be beyond a reasonable doubt and (2) the trial court abused its discretion when it revoked his probation. We disagree.

In his first issue, Appellant argues that this court should reexamine the standard of proof required to revoke community supervision. Appellant contends that due process mandates that a violation of any condition of community supervision must be proved beyond a reasonable doubt rather than by a preponderance of the evidence.

The Court of Criminal Appeals has considered whether a defendant is "entitled to have the question of his revocation decided 'beyond a reasonable doubt'" and has determined that "the standard of proof necessary to revoke probation should [not] be as stringent as the one necessary to support the initial conviction." *Kelly v. State*, 483 S.W.2d 467, 469–70 (Tex. Crim. App. 1972). Thus, as we have explained, the Court of Criminal Appeals has held that the State must prove a violation by a preponderance of the evidence and that proof of any one of the alleged violations is

2

sufficient to uphold the trial court's decision to revoke. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (burden of proof is by a preponderance of the evidence); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("one sufficient ground for revocation will support the court's order to revoke probation"). Because the Court of Criminal Appeals has held otherwise, we decline to hold that a violation of community supervision must be proven beyond a reasonable doubt. *See Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). We overrule Appellant's first issue.

In his second issue, Appellant argues that the trial court abused its discretion when it revoked Appellant's community supervision because the evidence was insufficient to support the trial court's finding that Appellant committed the subsequent offense of possession of a controlled substance. Appellant asserts that we should remand this cause to the trial court for a new disposition hearing so that the trial court can reassess punishment because the State proved only two of the allegations by a preponderance of the evidence.

In *Scott*, the Austin Court of Appeals encountered a similar argument in a case that involved the revocation of deferred adjudication community supervision. *Scott v. State*, No. 03-16-00213-CR, 2017 WL 3996387, at *1, *3 (Tex. App.—Austin Sept. 7, 2017, no pet.) (mem. op., not designated for publication). We find this language from that opinion to be instructive:

> [A]ppellant argues that "[i]t cannot be determined that had the trial court only found those two allegations true, [appellant] would still have been sentenced to eighteen of a possible twenty four month sentence," . . . and that "[t]he trial court could have chosen an alternative to imprisonment had only the allegations about community service and a drug offender program been true." Relying on these arguments, appellant asks this Court to remand the case to the trial court for a new disposition hearing that is based only on those two violations of the conditions of his community supervision. We decline to do so.

*Id.* at *3 (second, third, and fourth alterations in original).  We likewise decline to remand this case.

In any event, Appellant does not dispute that the State proved two of the alleged violations by a preponderance of the evidence.  As we have stated, we will uphold a trial court's decision to revoke if any one of the alleged violations of the conditions of community supervision is supported by sufficient evidence.  *Moore*, 605 S.W.2d at 926.

We review a trial court's decision to revoke community supervision under an abuse of discretion standard.  *Cardona,* 665 S.W.2d at 493.  After a review of the record from the revocation hearing, we conclude that the evidence was sufficient to support the trial court's finding that Appellant violated the conditions of his community supervision.  On each of Allegation Nos. 1 through 9, the State met its burden to prove the allegation by a preponderance of the evidence.  The State introduced lab reports from Appellant's drug tests in July 2016, November 2016, and January 2017, which indicated that Appellant tested positive for both amphetamine and methamphetamine on all three occasions as well as marihuana in November 2016.  There were no objections to the introduction of those lab reports.  Additionally, Appellant admitted that he relapsed and used methamphetamine in January 2017 and that he used marihuana one time.

Moreover, Appellant's community supervision officer and the deputy director at the Brown County Community Supervision and Corrections Department both testified that Appellant failed to report on December 12, 2016, and February 17, 2017.

Although Appellant offered excuses for the failed drug tests and for his failure to report, in probation-revocation cases, "the trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony."  *Hacker v.*

4

*State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). The trial court, thus, could have found Appellant's testimony not credible and the State's evidence credible.

We hold that the trial court did not abuse its discretion when it found all but one of the alleged violations to be true and revoked Appellant's community supervision. We overrule Appellant's second issue on appeal.

We affirm the judgment of the trial court.


                                        JIM R. WRIGHT
                                        SENIOR CHIEF JUSTICE


August 8, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.