**Opinion filed April 4, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00327-CR
_____

## DAYSHAUN HENRY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 22158-B**

## M E M O R A N D U M   O P I N I O N

Appellant, Dayshaun Henry, pled guilty to the offense of sexual assault of a child, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West Supp. 2023). On April 15, 2020, pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court deferred finding Appellant guilty, and placed him on deferred adjudication community supervision for a period of ten years. As conditions of his community supervision, Appellant

was required, among other things, to follow all state and federal laws, report to his community supervision officer as instructed, and pay a $1,000 fine and court costs.

The State subsequently filed a motion to adjudicate Appellant's guilt and to revoke his community supervision, then amended it twice and proceeded against Appellant on the second amended motion. On October 27, 2022, the trial court held a hearing on the State's second amended motion, during which Appellant pled "not true" to the allegations that he failed to comply with the sex offender registration requirements on October 15, 2021, and November 22, 2021. However, Appellant pled "true" to the remaining eleven allegations in the State's second amended motion and asked the trial court to continue his community supervision. Upon the conclusion of the hearing, the trial court found all thirteen violations alleged in the State's second amended motion to be "true," adjudicated Appellant guilty, revoked his community supervision, and assessed Appellant's punishment at four years' imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Therefore, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967), *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

2

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Here, Appellant pled "true" to eleven of the thirteen violations alleged in the State's second amended motion, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


April 4, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1] We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.