**Opinion filed June 6, 2024**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-23-00082-CR & 11-23-00084-CR

_____

## ELSIE TORRES FRANCO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. C-21-0765-CR & C-21-0774-CR**

### M E M O R A N D U M   O P I N I O N

Appellant, Elsie Torres Franco, pled guilty to the offenses of endangering a child, a state jail felony, and possession of a controlled substance in penalty group one in an amount of one gram or more but less than four grams, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West Supp. 2023); TEX. PENAL CODE ANN. § 22.041(c), (f) (West Supp. 2023). On May 6, 2022, the trial

court deferred finding Appellant guilty, and placed her on deferred adjudication for a period of five years for the offense of endangering a child, and ten years for the possession-of-a-controlled-substance charge. As conditions of her community supervision, Appellant was required to follow all state and federal laws, report to her community supervision officer, and pay a $550 fine in each case, court costs, and total reimbursement fees of $1,195.

The State subsequently filed a motion to adjudicate Appellant's guilt and to revoke her community supervision, then amended it, alleging that Appellant committed five violations of her community supervision conditions in each case. On April 13, 2023, the trial court held a hearing on the State's first amended motion, during which Appellant pled "not true" to the allegations that she used methamphetamine, that she failed to complete a drug and alcohol evaluation, and that she failed to make a minimum monthly payment toward her fees. She also pled "not true" to the allegation that she failed to report to her community supervision officer under cause number C-21-0765-CR. However, Appellant pled "true" to the allegations that she used marihuana, and failed to report to her community supervision officer in June of 2022 for her possession case, cause number C-21-0774-CR. Upon the conclusion of the hearing, the trial court found all violations alleged in the State's first amended motion to be "true," except for Appellant's failure to pay fees, which the court found "not true." The trial court adjudicated Appellant guilty, revoked her community supervision, assessed Appellant's punishment at confinement for two years in the Correctional Institutions Division of the Texas Department of Criminal Justice for the possession offense, and confinement for two years in the State Jail Division of the Texas Department of Criminal Justice for the offense of endangering a child. The trial court further

ordered the sentences to run concurrently. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2023).

Appellant's court-appointed counsel has filed motions to withdraw in this court. The motions are supported by briefs for each cause in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with copies of the briefs, copies of the motions to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of her right to review the record and file a response to counsel's briefs, and of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* briefs. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Here, Appellant pled "true" to two of the five violations alleged in the State's first amended motion, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590

3

S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

June 6, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.