**Opinion filed June 27, 2024**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-23-00098-CR**

_____

**JEFFERY RYAN SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 21172-B**

## MEMORANDUM OPINION

A jury found Appellant, Jeffery Ryan Smith, guilty of the third-degree felony offense of driving while intoxicated, and assessed his punishment at confinement for ten years in the Correctional Institutions Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2023). However, following the jury's recommendation, the trial court suspended Appellant's sentence, and placed him on community supervision for ten years. *See* TEX. CODE CRIM. PROC. Ann. art. 42A.055 (West 2018). As conditions of community supervision, Appellant was required to follow all state and federal laws, report to his community supervision officer, install and maintain an ignition

interlock[1] on his motor vehicle, complete an alcohol education program, and abstain from the consumption of alcohol and controlled substances.

The State subsequently filed a motion to revoke Appellant's community supervision, then amended it, alleging that Appellant committed fifteen violations of his community supervision. On April 6, 2023, the trial court held a hearing on the State's amended motion, during which Appellant pled "true" to the allegations that he possessed and consumed Adderall without having a prescription, failed to report and pay his supervision fee for the months of June through December of 2022, and failed to service his ignition interlock device that resulted in a lockout. Appellant pled "not true" to the remaining allegations. Upon the conclusion of the hearing, the trial court found thirteen of the fifteen violations alleged to be "true." The trial court revoked Appellant's community supervision, and imposed his original sentence of confinement for ten years in the Correctional Institutions Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re*

---

[1] "Ignition interlock device" means a device that uses a deep-lung breath analysis mechanism to make impractical the operation of a motor vehicle if ethyl alcohol is detected in the breath of the operator of the vehicle. TEX. TRANSP. CODE ANN. § 521.241(2) (West Supp. 2023).

*Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Here, Appellant pled "true" to six of the fifteen violations alleged in the State's amended motion, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS

June 27, 2024                                          JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.