Opinion filed June 27, 2024



In The

# Eleventh Court of Appeals

————

## No. 11-23-00108-CR

————

**EITHAN MAX COLLINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause No. F35668**

## M E M O R A N D U M   O P I N I O N

Appellant, Eithan Max Collins, pled guilty to the offense of burglary of a habitation, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2019). On December 20, 2018, based on the parties negotiated plea agreement, the trial court deferred finding Appellant guilty, and placed him on deferred adjudication community supervision for a period of three years. As conditions of his community supervision, Appellant was required, among other things, to follow all state and

federal laws, report to his community supervision officer, and pay a $1,500 fine and court costs.

The State subsequently filed a motion to adjudicate Appellant's guilt and to revoke his community supervision, then amended it twice. The State's second amended motion alleged that Appellant had committed forty-one violations of his community supervision conditions, including six new criminal offenses. On April 27, 2023, the trial court held a hearing on the State's second amended motion, during which Appellant pled "not true" to fifteen allegations and "true" to twenty-three allegations; the State waived the remaining allegations. The trial court found twenty-two of the violations alleged to be "true," adjudicated Appellant guilty, and heard evidence prior to assessing Appellant's punishment. Upon the conclusion of the hearing, the trial court found Appellant guilty of the indicted offense, revoked his community supervision, and assessed his punishment at imprisonment for twenty years in the Correctional Institutions Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

2

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Here, Appellant pled "true" to fifteen violations alleged in the State's amended motion, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

June 27, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.