**Opinion filed July 18, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00255-CR
_____

**SAUL PENA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-18-1605-CR**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Saul Pena, pled guilty to the offense of manufacture or delivery of a controlled substance in penalty group one in an amount of four grams or more but less than two-hundred grams, a first-degree felony. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West Supp. 2023). On October 18, 2018, based on the parties' negotiated plea agreement, the trial court deferred finding Appellant guilty, and placed him on deferred adjudication community supervision for a period of eight years. As conditions of his community supervision, Appellant was required,

among other things, to follow all state and federal laws, report to his community supervision officer, and pay a $1,500 fine and court costs.

The State subsequently filed a motion to adjudicate Appellant's guilt and to revoke his community supervision, alleging that Appellant committed five violations of his community supervision conditions. On October 25, 2023, the trial court held a hearing on the State's motion, during which Appellant pled "true" to the first violation alleged, and "not true" to the remaining allegations. At the hearing, the State presented five witnesses as well as recordings of law enforcement's dash camera and body-worn camera footage that showed Appellant leading police on a high-speed pursuit, which ended in a nearly fatal collision with another motorist. Upon the conclusion of the hearing, the trial court found four of the violations alleged to be "true," adjudicated Appellant guilty, revoked his community supervision, and assessed his punishment at imprisonment for life in the Correctional Institutions Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Here, Appellant pled "true" to one violation alleged in the State's motion, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


July 18, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.