**Opinion filed July 18, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00268-CR
_____

## RICKEY LEE ROBERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 50th District Court**
**Knox County, Texas**
**Trial Court Cause No. 4039**

## M E M O R A N D U M   O P I N I O N

Appellant, Rickey Lee Roberson, pleaded guilty to the offense of theft in an amount of greater than $1,500 but less than $20,000, a state jail felony.[1]  *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A) (West 2013).  On February 11, 2020, the trial court found Appellant guilty, assessed his punishment at confinement for two

---

[1]Section 31.03 of the Penal Code was amended in 2015. *See* Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 10 (H.B. 1396), eff. Sept. 1, 2015.  Under the current version of the theft statute, it is a state jail felony to appropriate property valued between $2,500 and $30,000.  TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (West Supp. 2023).  The prior version applied at the time Appellant committed the offense.

years in the State Jail Division of the Texas Department of Criminal Justice, suspended his sentence, and placed him on community supervision for a period of five years. As conditions of his community supervision, Appellant was required to follow all state and federal laws, report to his community supervision officer, and pay a $2,500 fine and monthly supervision fees.

The State subsequently filed a motion to revoke Appellant's community supervision, then amended it, alleging that Appellant violated four of his community supervision conditions on several occasions. On October 3, 2023, the trial court held a hearing on the State's amended motion, during which Appellant pled "true" to the violations alleged. The trial court accepted Appellant's pleas of "true," and the parties presented punishment evidence. Upon the conclusion of the hearing, the trial court revoked Appellant's community supervision, and assessed punishment at confinement for one year and 198 days in the State Jail Division of the Texas Department of Criminal Justice. Appellant was not ordered to pay the original fine or restitution.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Here, Appellant pled "true" to the allegations in the State's amended motion, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


July 18, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.