**Opinion filed July 25, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00246-CR

_____

## STEVAN EDWARD TARANGO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-37,982**

## M E M O R A N D U M   O P I N I O N

Appellant, Stevan Edward Tarango, pleaded guilty to the offense of burglary of a habitation, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2019). On March 12, 2015, based on the parties' negotiated plea agreement, the trial court deferred finding Appellant guilty, and placed him on deferred adjudication community supervision for a period of ten years. As conditions of his

community supervision, Appellant was required to follow all state and federal laws, report to his community supervision officer, and pay a $2,000 fine.

The State subsequently filed a motion to adjudicate Appellant's guilt and to revoke his community supervision, alleging that Appellant violated his community supervision conditions by using marihuana and cocaine on multiple occasions. On October 26, 2023, the trial court held a hearing on the State's motion, during which Appellant pleaded "true" to the violations alleged. The State nevertheless presented the testimony of Appellant's supervision officer to whom Appellant admitted using "THC and cocaine" in April of 2023. Appellant testified, and explained why he chose to engage in drug use while on deferred adjudication. Upon the conclusion of the hearing, the trial court found the allegations to be "true," adjudicated Appellant guilty, and assessed his punishment at confinement for twenty years in the Correctional Institutions Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Here, Appellant pleaded "true" to the violations alleged in the State's motion, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

PER CURIAM

July 25, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J.[2]

Trotter, J., not participating.

---

[1]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.