**Opinion filed September 19, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00090-CR

_____

## MARQUEE ANTHONY ABOSO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 28478A**

## M E M O R A N D U M   O P I N I O N

Appellant, Marquee Anthony Aboso, pled guilty to possession of methamphetamine with intent to deliver in an amount of four grams or more but less than two-hundred grams, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(a), (d) (West Supp. 2023). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court sentenced Appellant to imprisonment for ten years in the Institutional Division of

the Texas Department of Criminal Justice, but suspended the imposition of the sentence, and placed Appellant on community supervision for a period of ten years. Appellant's conditions of community supervision required him to, among other things, wear a global positioning system (GPS) tracking device, abstain from using alcohol and narcotics, abide by a 6:00 p.m. curfew, and surrender to the Taylor County Substance Abuse Treatment Facility (SATF).

The State subsequently moved to revoke Appellant's community supervision, alleging that he committed thirty-three violations of the conditions of his community supervision. On March 21, 2024, the trial court held a hearing on the State's motion, during which Appellant pled "not true" to every allegation. However, after the State presented its witnesses, Appellant testified, and admitted to violating several conditions of his community supervision. Specifically, Appellant admitted to using alcohol, marihuana, and cocaine. He likewise agreed that he failed to charge his GPS monitor, report to SATF, did not abide by his curfew, and possessed a firearm as a convicted felon. Upon the conclusion of the hearing, the trial court found sixteen of the allegations to be "true," revoked Appellant's community supervision, and imposed the originally assessed ten-year term of imprisonment.

Appellant's court-appointed counsel has filed a motion to withdraw in this court, supported by an *Anders*[1] brief in which counsel asserts that, based on his review of the record and the applicable law, no meritorious or arguable grounds for appeal exist. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

complied with the requirements of *Anders*, 386 U.S. at 741–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Here, although Appellant pled "not true" to the allegations in the State's motion, he testified that he violated several conditions of his community supervision, which the trial court found to be "true." Proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's order of revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

Accordingly, we grant counsel's motion to withdraw, and affirm the judgment of the trial court.


W. STACY TROTTER
JUSTICE


September 19, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.