**Opinion filed June 6, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00033-CR

_____

### AKIRA HARRISON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-22-1234-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Akira Harrison, pled guilty to the offense of aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West Supp. 2023). On January 3, 2023, pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court deferred finding Appellant guilty, and placed her on deferred adjudication community

supervision for a period of four years. As conditions of her community supervision, Appellant was required, among other things, to follow all state and federal laws, and abstain from using "any and all [d]rugs, [n]arcotics, [i]ntoxicating beverages, or any other chemical substance which might cause intoxication or other side effect."

The State subsequently filed a motion to adjudicate Appellant's guilt and to revoke her community supervision, alleging that Appellant violated her community supervision by using Fentanyl, an illegal controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.1022 (West Supp. 2023). On February 21, 2023, the trial court held a hearing on the State's motion, during which Appellant pled "true" to the allegation that she used Fentanyl on or about January 9, 2023. The trial court found the violation alleged in the State's motion to be "true," adjudicated Appellant guilty, revoked her community supervision, and assessed Appellant's punishment at ten years' imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of her right to review the record and file a response to counsel's brief, and of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Therefore, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967), *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Here, Appellant pled "true" to the single violation alleged in the State's motion, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. STACY TROTTER
JUSTICE

June 6, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.