**Opinion filed July 18, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00262-CR
_____

## GABRIEL BREEDING, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-21-0007-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Gabriel Breeding, pleaded guilty to the offense of aggravated robbery, a first-degree felony.  *See* TEX. PENAL CODE ANN. § 29.03 (West 2019). On June 10, 2021, the trial court deferred finding Appellant guilty, and placed him on deferred adjudication community supervision for a period of ten years.  As conditions of community supervision, Appellant was required to follow all state and

federal laws, report to his community supervision officer, and abstain from using alcohol and narcotics.

The State subsequently filed a motion to adjudicate Appellant's guilt and to revoke his community supervision, alleging that Appellant committed four violations of his community supervision. On November 7, 2023, the trial court held a contested hearing on the State's motion. During the hearing, Appellant pleaded "true" to three of the violations alleged, and "not true" to the remaining allegation. The State called two witnesses, then Appellant and his girlfriend testified on his behalf. Upon the conclusion of the hearing, the trial court found the four violations alleged to be "true," adjudicated Appellant guilty, revoked his community supervision, and assessed punishment at confinement for twenty-five years in the Correctional Institutions Division of the Texas Department of Criminal Justice. The trial court re-pronounced a $50 fine and reimbursement fees.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Here, Appellant pleaded "true" to three of the allegations in the State's motion, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

July 18, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.