**Opinion filed July 18, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00221-CR

_____

**ALEXANDER DON VEGA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 10874**

## M E M O R A N D U M   O P I N I O N

Appellant, Alexander Don Vega, pled guilty to the offense of possession of a controlled substance in penalty group one in an amount of less than one gram, a state jail felony.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2023).  On May 6, 2021, the trial court deferred finding Appellant guilty, and placed him on deferred adjudication community supervision for a period of three years.  As

conditions of community supervision, Appellant was required to follow all state and federal laws, report to his community supervision officer, and pay a $1,500 fine.

The State subsequently moved to adjudicate Appellant's guilt and to revoke his community supervision, alleging that Appellant violated seven of his community supervision conditions on multiple occasions. On July 21, 2023, the trial court held a hearing on the State's motion, during which Appellant pled "true" to the allegations on the record and in a written stipulation. The State called one witness, then Appellant and his wife testified. Upon the conclusion of the hearing, the trial court found the violations alleged to be "true." The trial court adjudicated Appellant guilty, revoked his community supervision, and assessed Appellant's punishment at confinement for two years in the State Jail Division of the Texas Department of Criminal Justice. The trial court re-pronounced a $1,500 fine and court costs.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed

the record, and we agree that the appeal is without merit. Here, Appellant pleaded "true" to the allegations in the State's motion, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


July 18, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.