**Opinion filed September 19, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00157-CR

_____

## BRANDON HENDRICK PRESSLEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from Criminal District Court No. 3**
**Tarrant County, Texas[1]**
**Trial Court Cause No. 1589482D**

## M E M O R A N D U M   O P I N I O N

Appellant, Brandon Hendrick Pressley, pleaded guilty to the second-degree felony offense of assault by impeding the breath or circulation of A.P.,[2] a person

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2023). We decide this case in accordance with the precedent of the Second Court of Appeals under the principles of stare decisis. TEX. R. APP. P. 41.3.

[2]We use initials herein to identify the victim. *See* TEX. CONST. art. I, § 30(a)(1) (granting crime victims the "right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

with whom he had a dating relationship, having been previously convicted of an offense involving family violence. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b-2) (West Supp. 2023); TEX. FAM. CODE ANN. § 71.0021(b) (West 2019). On November 18, 2019, pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court deferred finding Appellant guilty and placed him on deferred adjudication community supervision for a period of two years. As a condition of community supervision, Appellant was required to report "no less than monthly" to the Community Supervision and Corrections Department of Tarrant County.

The State subsequently moved to adjudicate Appellant's guilt and revoke his community supervision, alleging that he failed to report as required by his conditions of community supervision. On April 11, 2024, the trial court held a hearing on the State's motion, during which Appellant pleaded "true" to the allegation. Appellant explained that he left Texas shortly after being placed on community supervision due to health issues and his inability to find housing. The trial court found the violation to be "true," adjudicated Appellant guilty, revoked his community supervision, and assessed his punishment at confinement for six years in the Institutional Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738

(1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. Here, Appellant pleaded "true" to the single violation alleged in the State's motion, which the trial court accepted and found to be "true." Proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's order of revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In that regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke a probationer's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[3]

However, the judgment contains a nonreversible error requiring modification. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that the Texas Rules of Appellate Procedure empower courts of appeals to reform judgments); *see also Rhodes v. State*, 676 S.W.3d 228, 235 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (collecting cases). The trial court was required to pronounce the sentence, including a fine, in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2023); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Here, the trial court did not orally

---

[3]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

pronounce a fine at sentencing, but the judgment orders Appellant to pay a $200 fine. When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998). Because the trial court did not assess a fine as part of Appellant's sentence, we have the necessary information for reformation. We therefore modify the trial court's judgment to delete the $200 fine. *See Taylor*, 131 S.W.3d at 502.

Accordingly, we grant counsel's motion to withdraw, and affirm the judgment of the trial court as modified.

JOHN M. BAILEY
CHIEF JUSTICE

September 19, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.