**Opinion filed May 30, 2025**



### In The

# Eleventh Court of Appeals

_____

## No. 11-24-00151-CR

_____

### SIR THOMAS GAITHER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 235th District Court**
**Cooke County, Texas[1]**
**Trial Court Cause No. CR19-00555**

### M E M O R A N D U M   O P I N I O N

Appellant, Sir Thomas Gaither, pleaded guilty to tampering with a governmental record, a state jail felony. *See* TEX. PENAL CODE ANN. § 37.10(c)(1)

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2024). We decide this case in accordance with the precedent of the Second Court of Appeals under the principle of stare decisis. TEX. R. APP. P. 41.3.

(West Supp. 2024). On September 16, 2021, pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court found Appellant guilty, assessed his punishment at confinement for two years in the State Jail Division of the Texas Department of Criminal Justice, suspended his sentence, and placed him on community supervision for a period of five years. As conditions of his community supervision, Appellant was required to, *inter alia*, follow all state and federal laws, abstain from using or possessing illegal substances, submit to urinalysis drug screens, complete a drug offender education program (DOEP), and complete 180 hours of community service. Following Appellant's arrest on March 17, 2023 for possession with intent to use a device designed to falsify drug test results, the trial court ordered Appellant to surrender to the Cooke County Jail on May 26, 2023 to serve a fifteen-day jail sanction. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.133(a) (West 2017). Appellant did not turn himself in, and the State subsequently moved to revoke his community supervision based on five alleged violations.

The trial court held a hearing on March 26, 2024, during which the State orally amended its motion to revoke; Appellant's counsel had no objection to the amendment and announced that he was ready to proceed. Appellant pleaded "true" to the allegation that he used marihuana, and "not true" to the remaining allegations. The State called two witnesses, then Appellant testified. Appellant admitted to the trial court that he did not complete his community service hours, did not participate in DOEP, failed to report for his jail sanction, and attempted to falsify his drug test results because he "was dirty." Upon the conclusion of the hearing, the trial court found all six violations alleged to be "true," revoked Appellant's community supervision, and imposed the original sentence of confinement for two years in the

2

State Jail Division of the Texas Department of Criminal Justice. The trial court further ordered Appellant to pay the balance of the originally assessed $1,500 fine.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law, and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44, *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), *Schulman*, 252 S.W.3d at 409–12, and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005). Here, although Appellant pleaded "not true" to all but one allegation in the State's motion, he testified that he violated several conditions of his community supervision, which the trial court found to be "true." Proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet.

3

ref'd).  In this regard, Appellant's plea of "true" to a single violation, standing alone, was sufficient to support the trial court's revocation order.  *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).  Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

Accordingly, we grant counsel's motion to withdraw, and affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


May 30, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We note that Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.