**Opinion filed May 30, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00105-CR

_____

## MATTHEW ALLEN MORRELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 15890-D**

## M E M O R A N D U M   O P I N I O N

Appellant, Matthew Allen Morrell, pled guilty in July 2023 to the third-degree felony offense of assault against a person with whom he had a dating relationship, having been previously convicted of an offense involving family violence. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West Supp. 2024). Pursuant to the terms of a

negotiated plea agreement between Appellant and the State, the trial court found Appellant guilty of the charged offense and assessed his punishment at imprisonment for five years in the Institutional Division of the Texas Department of Criminal Justice; however, the trial court suspended the imposition of Appellant's sentence and placed him on community supervision for five years. The State subsequently filed a motion to revoke Appellant's community supervision, then amended it and alleged that Appellant failed to report as required, traveled outside the counties of supervision without permission, failed to notify his supervision officer of changes in his contact information within 48 hours, and failed to pay various fees and costs.

The trial court held a hearing on the State's amended motion to revoke on March 21, 2024, during which Appellant pled "true" to the allegations in the amended motion. The trial court accepted Appellant's pleas of "true" and adjourned to allow the parties to present punishment evidence at a subsequent sentencing hearing. At the sentencing hearing, the State presented the testimony of three witnesses, including the victim of the underlying assaultive offense; Appellant presented one witness. Upon the conclusion of this hearing, the trial court found the allegations in the amended motion to be "true," revoked Appellant's community supervision, and imposed the originally assessed five-year sentence.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw,

2

an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44, *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), *Schulman*, 252 S.W.3d at 409–12, and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005). Here, Appellant pled "true" to the violations alleged in the State's amended motion to revoke, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision, without more, is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, Appellant's pleas of "true," standing alone, are sufficient to support the trial court's decision to revoke Appellant's community supervision and its revocation order. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

---

[1]We note that Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

May 30, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.