**Opinion filed June 5, 2025**



### In The

# Eleventh Court of Appeals

_____

## No. 11-24-00111-CR

_____

## ISAAC LEVI BILL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR27711**

## M E M O R A N D U M   O P I N I O N

While on deferred adjudication community supervision for possession of a controlled substance,[1] Appellant, Isaac Levi Bill, pled guilty to sexual assault, a

---

[1]In 2019, under trial court cause number CR26089, Appellant pled guilty to possession of tetrahydrocannabinol in an amount of four grams or more but less than 400 grams, a second-degree felony, and was placed on ten years' deferred adjudication community supervision. *See* TEX. HEALTH & SAFETY

second-degree felony. TEX. PENAL CODE ANN. § 22.011(a)(1) (West Supp. 2024). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court deferred finding Appellant guilty and placed him on deferred adjudication community supervision for a period of ten years.

Following Appellant's arrest in November 2023 by the Stephenville Police Department for committing several new offenses, the State filed a motion in each case to adjudicate Appellant's guilt and revoke his community supervision. On April 29, 2024, the trial court held a consolidated hearing on the State's motions, during which Appellant pled "not true" to all allegations. The State called ten witnesses, then Appellant and his mother testified. Upon the conclusion of the hearing, the trial court found that Appellant violated eight conditions of his community supervision for sexual assault, adjudicated him guilty, and revoked his community supervision. The trial court assessed Appellant's punishment at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for twenty years, to run concurrently with his five-year prison sentence imposed in cause number CR26089.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to review the record and file a response to

CODE ANN. §§ 481.103(a)(1), .116(d) (West Supp. 2024). He appeals his final conviction for that offense, which we affirm in our cause number 11-24-00110-CR.

2

counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44, *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), *Schulman*, 252 S.W.3d at 409–12, and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005). We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). Despite Appellant's pleas of "not true" to all allegations, he admitted during his testimony that he violated several conditions of his community supervision—which the trial court found to be "true"—including that he: (1) failed to report to his probation officer for nearly two years; (2) did not work any community service hours; (3) failed to complete the drug offender education program; (4) left the county of supervision without permission on several occasions; and (5) committed new offenses such as criminal trespass and driving without a valid license. In this regard, Appellant's testimony, standing alone, was sufficient to support the trial court's revocation orders. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based

on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

June 5, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We note that Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.