**Opinion filed June 5, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00110-CR

_____

## ISAAC LEVI BILL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR26089**

## M E M O R A N D U M   O P I N I O N

Appellant, Isaac Levi Bill, pled guilty in 2019 to the second-degree felony offense of possession of a controlled substance, tetrahydrocannabinol, in an amount of four grams or more but less than 400 grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.103(a)(1), .116(d) (West Supp. 2024). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court deferred

finding Appellant guilty and placed him on deferred adjudication community supervision for a period of ten years.

Appellant was subsequently indicted in cause number CR27711 for committing the second-degree felony offense of sexual assault of a child on April 20, 2020. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West Supp. 2024). In June 2023, Appellant pled guilty to sexual assault and was placed on another ten-year period of deferred adjudication community supervision for that offense. *See* PENAL § 22.011(a)(1). Following Appellant's arrest in November 2023 by the Stephenville Police Department for committing several new offenses, the State filed a motion in each case to adjudicate Appellant's guilt and revoke his community supervision.

On April 29, 2024, the trial court held a consolidated hearing on the State's motions, during which Appellant pled "not true" to all allegations. The State called ten witnesses, then Appellant and his mother testified. The trial court, after finding several allegations in each motion to be "true," adjudicated Appellant guilty of possession of a controlled substance in cause number CR26089 and sexual assault in cause number CR27711.[1] The trial court revoked Appellant's community supervision and assessed his punishment for the second-degree felony drug possession at imprisonment for five years in the Institutional Division of the Texas Department of Criminal Justice, to run concurrently with his twenty-year prison sentence imposed in cause number CR27711 for sexual assault.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738

---

[1]Appellant appeals his conviction for sexual assault, which we affirm this same date in our cause number 11-24-00111-CR.

2

(1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44, *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), *Schulman*, 252 S.W.3d at 409–12, and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005). We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). Despite Appellant's pleas of "not true" to all allegations, he admitted during his testimony that he violated several conditions of his community supervision—which the trial court found to be "true"—including that he: (1) failed to report to his probation officer for nearly two years; (2) did not work any community service hours; (3) failed to complete the drug offender education program; (4) left the county of supervision without permission on several occasions; and (5) committed new offenses such as criminal trespass and driving without a valid license. In this regard, Appellant's testimony, standing alone, was sufficient to support the trial court's revocation

3

orders. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

June 5, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We note that Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.