**Opinion filed August 7, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00301-CR

_____

## CRYSTAL NICOLE CASTRO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 20-8269**

## M E M O R A N D U M   O P I N I O N

Appellant, Crystal Nicole Castro, pleaded guilty to possession of less than one gram of methamphetamine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2024). On July 27, 2022, pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court deferred finding Appellant guilty and placed her on deferred adjudication community

supervision for a period of four years. The State subsequently moved to adjudicate Appellant's guilt based on several allegations that Appellant violated her community supervision conditions. On October 23, 2024, the trial court held a hearing on the State's motion. Appellant's community supervision officer testified that Appellant admitted to using methamphetamine on August 4, 2022, eight days after she was placed on community supervision. Appellant also tested positive for methamphetamine on every drug test until she stopped reporting in January 2023. Appellant testified and admitted that she absconded after discussing inpatient treatment with her community supervision officer because she did not want to be taken into custody. At the conclusion of the hearing, the trial court found eleven violation allegations to be "true," adjudicated Appellant guilty, revoked her community supervision, and assessed her punishment at imprisonment for two years in the State Jail Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of her right to review the record and file a response to counsel's brief, and of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005). We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, Appellant's testimony, standing alone, was sufficient to support the trial court's judgment. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

August 7, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1] Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.