**Opinion filed August 29, 2025**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-24-00303-CR & 11-24-00304-CR

_____

## RAMIRO VELAZQUEZ BANUELOS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause Nos. 23-9191 & 23-9153**

## M E M O R A N D U M   O P I N I O N

Appellant, Ramiro Velazquez Banuelos, was charged by separate indictments with the state-jail-felony offenses of burglary of a building,[1] and possession of cocaine, a controlled substance in penalty group one, in an amount of less than one

---

[1]Appellate cause number 11-24-00303-CR, trial court cause number 23-9191.

gram.[2] TEX. PENAL CODE ANN. § 30.02(c)(1) (West Supp. 2024); TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2024). On November 29, 2023, pursuant to the terms of a plea agreement between Appellant and the State, the trial court placed Appellant on deferred adjudication community supervision for concurrent terms of three years for the burglary-of-a-building offense, and four years for the possession-of-cocaine offense.

The State subsequently moved to adjudicate Appellant guilty of both offenses based on several allegations that Appellant violated certain conditions of his community supervision. During the hearing on the State's motions, Appellant's community supervision officer testified that Appellant: (1) was arrested on February 10, 2024 for possession of a controlled substance; (2) failed to report to his community supervision officer in December 2023, and January, February, and March 2024; (3) was delinquent on his fees; (4) failed to submit to required drug testing; (5) failed to attend his required drug awareness class; and (6) completed none of his mandatory community service hours. Appellant admitted that he failed to report or complete any community service hours as alleged, and "know[s] [he] did . . . wrong, but [he] was just scared." He testified that he was "in the wrong place at the wrong time" when he was arrested in February 2024: "I mean, if I got to pay for it, . . . I mean, whatever." At the conclusion of the hearing, the trial court found all violations alleged in the State's motions to be "true," adjudicated Appellant guilty of both offenses, and assessed his punishment for each conviction at confinement for two years in the State Jail Division of the Texas Department of Criminal Justice, to be served concurrently.

---

[2]Appellate cause number 11-24-00304-CR, trial court cause number 23-9153.

Appellant's court-appointed counsel has filed motions to withdraw in this court. The motions filed in each cause are supported by briefs in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). For each case, counsel has provided Appellant with copies of the briefs, copies of the motions to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. 738; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* briefs. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005). We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 334 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, Appellant's testimony, standing alone, was sufficient to support the trial court's revocation decisions and judgments. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel

Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[3]

However, we note that the judgments contain a nonreversible error in the assessment of court costs. Pursuant to Article 102.073(a) of the Code of Criminal Procedure, court costs may only be assessed once against a defendant who is convicted of multiple offenses in a single criminal action. TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018). Here, Appellant was convicted of two separate offenses in a single criminal action, yet each judgment orders him to pay court costs of $290. Consequently, court costs were erroneously assessed in one of these causes. *See id*.

We have the authority to modify the trial court's judgment to make it speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Court costs are determined by "using the highest category of offense that is possible based on the defendant's convictions." CRIM. PROC. art. 102.073(b). But when the convictions are for the same category of offense and the court costs are the same, the costs should be assessed in the case with the lowest trial court cause number. *See, e.g.*, *Arambula v. State*, No. 02-24-00420-CR, 2025 WL 2423518, at *2 (Tex. App.— Fort Worth Aug. 21, 2025, no pet. h.) (mem. op., not designated for publication); *Esquivel-Mesen v. State*, No. 05-22-00844-CR, 2025 WL 1507708, at *1–2 (Tex. App.—Dallas May 27, 2025, no pet.) (mem. op., not designated for publication). As such, we modify the judgment in trial court cause number 23-9191, appellate cause number 11-24-00303-CR, to delete the $290 court costs assessment.

---

[3]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

Accordingly, we grant counsel's motions to withdraw, we affirm the judgment of the trial court in cause number 23-9153, and we affirm the judgment of the trial court in cause number 23-9191 as modified.


W. STACY TROTTER

JUSTICE


August 29, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.