**Opinion filed January 22, 2026**



In The

# Eleventh Court of Appeals

————

## No. 11-24-00212-CR

————

**JARAD CORD HALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 118th District Court**
**Martin County, Texas**
**Trial Court Cause No. 1667**

**M E M O R A N D U M   O P I N I O N**

Appellant, Jarad Cord Hall, pled guilty in June 2017 to possession of a controlled substance in an amount of less than one gram, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2025). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial

court deferred finding Appellant guilty and placed him on deferred adjudication community supervision for a period of three years. The State subsequently filed a motion to adjudicate Appellant's guilt, which alleged that he failed to complete his community service restitution hours, report monthly to his community supervision officer, and pay various fees and costs.

The trial court held a hearing on the State's motion on July 15, 2024, during which Appellant and his community supervision officer testified. Upon the conclusion of this hearing, the trial court found the allegations in the motion to be "true," adjudicated Appellant guilty, revoked his community supervision, and assessed punishment at confinement for 180 days in the State Jail Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a pro se form motion for access to the clerk's record and reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief.  Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and likewise conclude that the appeal is without merit.  *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005).  Here, Appellant admitted to the violations alleged in the State's motion to adjudicate, which the trial court accepted and found to be "true."  We note that proof of one violation of the terms and conditions of a probationer's community supervision, without more, is sufficient to support the trial court's finding.  *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd).  In this regard, Appellant's admissions, standing alone, are sufficient to support the trial court's decision to adjudicate Appellant's guilt.  *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).  Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

However, the judgment contains nonreversible errors requiring modification.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that the Texas Rules of Appellate Procedure empower courts of appeals to reform judgments).  First, the trial court was required to pronounce Appellant's sentence, which includes any fine imposed, in his presence.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2025); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  Although the trial court ordered Appellant to pay

---

[1]We note that Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.

a $1,500 fine when he was initially placed on deferred adjudication, any fine must have been pronounced when Appellant was adjudicated guilty and sentenced. *See Taylor*, 131 S.W.3d at 502 ("[W]hen guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine."). That was not done here—rather than repronouncing the previously assessed $1,500 fine, the judgment orders Appellant to pay a "prior balance" of $2,264 that includes the unpaid fine, court costs, and additional fees. *See Taylor*, 131 S.W.3d at 500 ("When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls."). We therefore modify the judgment to subtract $1,500 from the $2,264 of the prior balance assessed.

Second, incurred during the adjudication proceedings, the judgment adjudication guilt orders Appellant to pay $1,000 in attorney's fees. Prior to the adjudication hearing, Appellant was found to be indigent and was represented by appointed counsel. A trial court may order an indigent defendant to pay court-appointed attorney reimbursement fees only if "a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2025). "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Id*. art. 26.04(p); *see Mayer v. State*, 309 S.W.3d 552, 556–57 (Tex. Crim. App. 2010). Here, there is nothing in the record indicating that Appellant's financial circumstances materially changed for the adjudication proceedings. Consequently, there was no basis for ordering reimbursement of attorney's fees. CRIM. PROC. art. 26.04(p); *see Cates v. State*, 402

S.W.3d 250, 252 (Tex. Crim. App. 2013) (concluding judgment should be reformed to remove assessment of attorney's fees because there was no finding in the record that an indigent defendant was able to repay the costs of court-appointed counsel). We thus delete them from the judgment.[2]

Accordingly, we grant counsel's motion to withdraw, we modify the judgment of the trial court, and we affirm the judgment as modified.

W. BRUCE WILLIAMS
JUSTICE

January 22, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We note, however, that Appellant has waived any complaint about the assessment of the original $600 amount for court-appointed attorney's fees. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (holding that the appellant procedurally defaulted any complaint about attorney's fees assessed in connection with the initial order of deferred adjudication because he failed to raise the issue in a direct appeal from that order).