**Opinion filed June 4, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00284-CR
_____

## EDMUNDO SANTILLAN JR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-23-0057-CR**

### M E M O R A N D U M   O P I N I O N

Appellant, Edmundo Santillan Jr, pled guilty to the third-degree felony offense of possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West Supp. 2025). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court placed Appellant on deferred adjudication community supervision for a period of four years. Four

months later, the State filed a motion to adjudicate Appellant's guilt alleging that he had violated conditions of his community supervision. At the hearing on the State's motion, Appellant pled "true" to the violations alleged. The trial court found him guilty, revoked his community supervision, and assessed his punishment at imprisonment for six years in the Institutional Division of the Texas Department of Criminal Justice, and a $5,000 fine.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a form motion for pro se access to the appellate record. Counsel also advised Appellant of his right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44, *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), *Schulman*, 252 S.W.3d at 409–12, and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeal is without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005). Here, Appellant pled "true" to all violations alleged, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App.

2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


June 4, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1] We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.