**Opinion filed June 4, 2026**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-24-00307-CR & 11-24-00308-CR

_____

### ANALIYAH MARIE GONZALES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause Nos. D-16-1766-CR & D-16-1767-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, Analiyah Marie Gonzales, was charged by separate indictments with the first-degree felony offenses of injury to a child. *See* TEX. PENAL CODE ANN. § 22.04(e) (West Supp. 2025 ). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court placed Appellant on deferred adjudication community supervision for a period of ten years. The State subsequently filed motions to adjudicate Appellant's guilt for each offense, alleging

that she had violated conditions of her community supervision in both cases. The trial court conducted a hearing on the State's motions, during which Appellant pleaded "not true" to the allegations that she failed to report to her community supervision officer in June, November, and December 2023, and in March 2024. Appellant pleaded "true" to failing to report in January 2024. Upon the conclusion of the contested hearing, the trial court found the allegations to be "true," adjudicated Appellant guilty of both offenses, and assessed her punishment at imprisonment for fifty years in the Institutional Division of the Texas Department of Criminal Justice to run concurrently.

Appellant's court-appointed counsel has filed motions to withdraw in this court. The motions filed in each case are supported by briefs in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with copies of the brief, copies of the motions to withdraw, an explanatory letter, and a copy of the clerk's records and reporter's record in each case. Counsel also advised Appellant of her right to object to counsel's motions to withdraw, to review the record and file pro se responses to counsel's *Anders* briefs, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44, *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), *Schulman*, 252 S.W.3d at 409–12, and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed pro se responses to counsel's *Anders* briefs. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeals are without merit. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App.

2005).  Here, Appellant pleaded "true" to one of the violations alleged, which the trial court accepted and found to be "true."  We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order.  *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd).  In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke community supervision.  *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).  Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motions to withdraw, and we affirm the judgments of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


June 4, 2026

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Williams, J., and Quinn, S.C.J.[2]

Trotter, J., not participating.

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.

[2]Brian Quinn, Senior Chief Justice (Retired), Court of Appeals, 7th District of Texas at Amarillo, sitting by assignment.